UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES E. DENNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 3:15-CV-482-PLR-HBG |
| v. | ) |
| | ) |
| DOCTOR NINER, GARY BLAIR, JOSIE WEST, and STATE OF TENNESSEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. It appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee and Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff has named the State of Tennessee as a Defendant in this action [Doc. 2]. The Eleventh Amendment bars such claims, however. *See, e.g., Lawson v. Shelby County, Tennessee*, 211 F.3d 331, 335 (6th Cir. 2000) (holding that the Eleventh Amendment barred

claims against the State of Tennessee because it "prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief.") Accordingly, the State of Tennessee is **DISMISSED** from this lawsuit.

The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Niner, Blair, and West. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to timely return the completed service packets could jeopardize his prosecution of this action.

Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, judgment by default may be entered against him or her.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

Because Plaintiff is an inmate in the Morgan County Correctional Complex, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the

2

full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**IT IS SO ORDERED**.

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**